374 So.2d 1169 (1979)
CAMPUS COMMUNICATIONS, INC., a Florida Corporation, Doing Business As the Independent Florida Alligator, Appellant,
v.
Randi Ellen FREEDMAN, Robert Brent Stiggins, James M. Papantonio, Richard W. Prothero, Tom Pepper, Robert Scott Newman, John Morgan, J. Kuykendall, James Edward Eaton, Jr., Tyrie William Boyer, Thomas R. Tedcastle, Appellees.
No. NN-73.
District Court of Appeal of Florida, First District.
September 20, 1979.
*1170 Larry G. Turner of Turner & Morris, Gainesville, for appellant.
Jason M. Chapnick, Gainesville, for appellees.
PER CURIAM.
In its April 21, 1976 issue the Independent Florida Alligator, unofficial newspaper for University of Florida students, endorsed the NOVA party candidate for student government president. The Alligator's attempt to exercise its First Amendment freedoms was chilled, however, and in the most direct way imaginable: 17,500 copies of that election-day edition were stolen from drop boxes shortly after they were distributed.
A reporter developed a source who allegedly had information regarding the theft, and numerous articles in the Alligator accused some supporters of the presidential candidate from the Common Sense Party. Subsequently the appellant sued appellees for conversion of the newspapers with intent to interfere with appellant's business. Appellant sought compensatory and punitive damages.
Appellees filed a series of interrogatories, one of which asked appellant to list all known eyewitnesses to the alleged theft. In its initial answer, appellant named three witnesses and a "confidential source who cannot be named at this time due to privilege of confidentiality for newsmen's sources." Appellees moved the trial court to compel an answer and the court granted the motion. When appellant continued to refuse to disclose its source, the trial court dismissed the second amended complaint without prejudice, stating in its order that appellant could not proceed in any way with its suit until it complied with the previous order compelling discovery.
Campus Communications contends on appeal that there is a newsman's privilege, under the First and Fourteenth Amendments to the United States Constitution, which protects it from compelled disclosure of confidential sources and that the paper did not waive its privilege by suing the appellees.
Assuming such a privilege exists, we have serious doubt that it applies to this factual situation. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), and Morgan v. State, 337 So.2d 951 (Fla. 1976), involved potential incarceration of reporters. The power of the state vis-a-vis the press surely was at the core of these cases. But when a newspaper becomes entangled in purely civil litigation, at least if it is a party, governmental intrusion is only peripherally involved.
The appellant cites several cases refusing to require a newsman to reveal his source. In Baker v. F & F Investments, 470 F.2d 778 (2d Cir.1972), Loadholtz v. Fields, 389 F. Supp. 1299 (Md.Fla. 1975), and Democratic National Committee v. McCord, 356 F. Supp. 1394 (D.D.C. 1973), however, the press was not party to the litigation. But the result is quite different where a news entity is a party.
*1171 Herbert v. Lando, ___ U.S. ___, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979), holds that when a plaintiff sues a news medium for libel, the asserted privilege will not shield inquiry into editorial processes which might reveal malice or a lack thereof. The thoughts and decisions that go into the structuring and conclusions of a news story, of course, are at the core of a libel action by a public figure, so the court in Herbert hardly treated the case as one forging new law. See, e.g., 99 S.Ct. at 1641, especially n. 6.
All the above-cited cases have a common element: at issue were the journalist's freedom to ply his trade and the content of what he had printed. Here, however, the privilege is asserted in a wholly different context. Here, the appellant has not claimed a privilege in the face of government intrusion, or where the press is a nonparty, or where it is attempting to ward off a charge of libel. The appellant is plaintiff in a claim for money damages for lost business. The identity of the witness is not being sought, so far as the record and arguments indicate, for harassment. Nor, more importantly, is this appeal related to an impingement upon the appellant's freedom to gather the news. Appellees do not wish to find out who was a source for some articles in the Alligator; they seek to know who was a source for a law suit against them in which they are potentially liable for damage to appellant's business. It seems to us, then, that the asserted newsman's privilege may not even be relevant to this appeal.
Even assuming the privilege is relevant, two cases appear to be on point and adverse to appellant's view. City of St. Petersburg v. Houghton, 362 So.2d 681 (Fla. 2d DCA 1978), was a suit by Houghton for replevin of money seized from him by police on subsequently dropped charges of conspiracy to deliver hashish. A county court dismissed forfeiture proceedings as to the money, and Houghton then sued to replevy it. He invoked the Fifth Amendment when asked in a deposition where he got the money, and the trial court ordered him to submit to further discovery. Id. at 682-83.
Upon review of the trial judge's order, the Court of Appeal distinguished those cases in which a party invoking the Fifth Amendment was an involuntary party from Houghton's suit, wherein he was plaintiff. The District Court held, at 685, that:
Not only the Florida law, but the majority view in this land is that a plaintiff may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery in matters pertinent to the litigation.
In the instant case, the trial court Houghton in its order. Appellant contends that the purported First Amendment newsman's privilege is to be preferred constitutionally to the privilege against compelled self-incrimination, but that argument is unconvincing.
Anderson v. Nixon, 444 F. Supp. 1195 (D.D.C. 1978), turns on facts substantially similar to those in this case. Jack Anderson sued 19 persons for conspiracy to interfere with his First Amendment rights. During discovery he refused to reveal his sources. The trial judge, at 1199, made it clear that a journalist may not assert a First Amendment privilege when he is the plaintiff:
Here the newsman is not being obliged to disclose his sources. Plaintiff's pledge of confidentiality would have remained unchallenged had he not invoked the aid of the Court seeking compensatory and punitive damages based on his claim of conspiracy. Plaintiff is attempting to use the First Amendment simultaneously as a sword and a shield... . Plaintiff is not a bystander in the process but a principal. He cannot ask for justice and deny it to those he accuses.
It should not be noted that Campus Communications did not sue for alleged violation of its First Amendment rights but for "interfering with the transactions of the plaintiff's business." Appellant's claim to a privilege not to reveal its confidential source, then, is even less compelling than was Anderson's. AFFIRMED.
ERVIN, Acting C.J., and LARRY G. SMITH, J., concur.
BOOTH, J., specially concurs.
*1172 BOOTH, Judge, specially concurring.
I concur in the result of this opinion only.